### Alexander Rankin v. Jacob Wever.

1. REVERSIBLE ERROR—*Questions of Fact.*—In this case the court finds no reversible error and affirms the judgment of the court below.

Assumpsit on a Special Contract.—Trial in the Circuit Court of Henderson County; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed September 26, 1898.

R. F. ROBINSON and GRIER & STEWART, attorneys for appellant.

E. L. MOFFETT and W. F. GRAHAM, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

The parties hereto entered into a special contract by which appellee undertook to sink a well for appellant upon the latter's farm for the price of $1.25 for each foot of depth in soil, and $1.50 for each foot of depth in rock, and unless water was reached he was to receive nothing. A trial by jury resulted in a verdict and judgment against appellant for $193.50, from which he appeals, and assigns for error that the verdict is against the evidence, and that the court gave improper and refused proper instructions to the jury.

The well was put down 213 feet, when water was obtained,

which arose in the well two-thirds of its height from the bottom. After the well was cased a pump was placed within it, and for a time it worked well; but owing to gaseous and oily substances in the water the valves of the pump became clogged to such an extent as to interfere with the operation of the pump, which from time to time necessitated cleaning the valves. Appellee several times did this cleaning, and on two occasions of this kind appellant paid him money— one time $50 and another $25—and at such times gave expression of satisfaction with the well and the work of appellee, and promised to pay, or send the balance of the price to appellee. One of the issues of fact in the trial court was whether appellant had accepted the well and agreed to pay for it. From the evidence in the case there is no doubt the well contained and produced an abundant supply of water, the only objection to it being the mixture of an oily or gummy substance with the water. The contract did not expressly guarantee the quality of the water, but the quantity only, and there is no implied warranty in that respect to be inferred. It is not reasonable to suppose that either party to the contract had in mind or anticipated this peculiar condition of the water at the time the contract was made. On the whole evidence we think the jury was warranted in finding that appellee had substantially complied with his contract, and that appellant had accepted the well and agreed to pay for it.

While the instructions of the court are not wholly free from criticism they contain no serious or harmful errors, and in view of the whole series the law was fairly given to the jury. And if we are correct in our conclusions already expressed, it follows that the refused instructions, of which complaint is made, were not proper to have been given to the jury.

Finding no reversible error in the proceedings of the Circuit Court, its judgment will be affirmed.